**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-3081-17T4
                  A-3082-17T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

SHAWN L. SPIVEY,

      Defendant-Appellant.

_____

Submitted March 6, 2019 – Decided April 11, 2019

Before Judges Koblitz and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 09-06-1046 and 10-06-0972.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent in A-3081-17 (Carol M. Henderson, Assistant Attorney General, of counsel and on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent in A-3082-17 (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In these back-to-back appeals, consolidated for purposes of this opinion, defendant Shawn Spivey appeals from two January 16, 2018 orders denying without an evidentiary hearing his separate applications for post-conviction relief (PCR) on the basis of ineffective trial and appellate counsel. We affirm.

Defendant was charged under two different indictments for drug possession and related offenses on two distinct dates, occurring nearly one year apart. The facts leading to defendant's June 4, 2013 judgment of conviction, under Indictment No. 10-06-0972, are set forth in our unpublished opinion in State v. Spivey, No. A-0669-13 (App. Div. May 7, 2015) (Spivey I), which we incorporate by reference. The facts related to defendant's August 20, 2013 judgment of conviction, under Indictment No. 09-06-1046, are detailed in our unpublished opinion in State v. Spivey, No. A-1155-13 (App. Div. July 6, 2015) (Spivey II), which we also incorporate by reference.

In Spivey I, we held a videotaped statement to police made by co-defendant was inadmissible because it "contained material prejudicial to the

defense."[1] Spivey I, slip op. at 13.  We also opined co-defendant's identification of defendant was admissible notwithstanding "that the one-photo identification procedure was suggestive" because co-defendant's "prior contact with defendant rendered unlikely an 'irreparable misidentification.'" Id. at 12-13.  Because defense counsel had ample opportunity to cross-examine co-defendant on his identification of defendant, we determined defendant was not deprived of his right to a fair trial.  Ibid.  We rejected all other issues asserted in Spivey I as without sufficient merit to warrant discussion in a written opinion.  Id. at 12.

After we affirmed defendant's conviction in Spivey I, defendant filed a petition for certification to the New Jersey Supreme Court, which was denied. State v. Spivey, 223 N.J. 164 (2015).  On January 19, 2016, the United States Supreme Court denied defendant's petition for a writ of certiorari.  State v. Spivey, ___ U.S. ___, 136 S. Ct. 910 (2016).

Two months after our decision in Spivey I, we affirmed defendant's conviction in Spivey II.  In Spivey II, we explained the State's impeachment of three defense witnesses regarding their prior criminal convictions was

---

[1]  At defendant's insistence, notwithstanding defense counsel explaining the statement could be damaging if admitted at trial, counsel asked the trial judge to admit co-defendant's videotaped statement to the police.  The trial judge denied counsel's request.

permissible under N.J.R.E. 609. <u>Spivey II</u>, slip op. at 11-12. We also determined the prosecutor's statements during closing argument were not capable of producing an unjust result and therefore did not deprive defendant of a fair trial. <u>Id.</u> at 12-13. On the jury's use of binoculars, we noted the binoculars were entered into evidence and defendant failed to object to their use at trial. <u>Id.</u> at 13. Even if the use of the binoculars had been improper, under the plain error standard, we opined the error was not clearly capable of producing an unjust result. <u>Ibid.</u>

After we affirmed defendant's conviction in <u>Spivey II</u>, defendant filed a petition for certification to the New Jersey Supreme Court. On December 15, 2015, the Court denied the petition. <u>State v. Spivey</u>, 223 N.J. 557 (2015).

In March 2016, defendant filed separate PCR petitions related to issues in <u>Spivey I</u> and <u>Spivey II</u>. In his PCR petition regarding <u>Spivey I</u>, defendant claimed his trial attorney was ineffective because he failed to request the videotaped statement of co-defendant be played for the jury and failed to object to co-defendant's photo identification.[2] He also claimed his trial and appellate

---

[2] We note defendant's trial counsel requested the admission of the videotaped statement and the request was denied.

counsel were ineffective because they failed to raise a Confrontation Clause challenge regarding the testimony of the State's DNA expert.

In his PCR petition related to Spivey II, defendant argued his trial counsel was ineffective based on counsel's failure to object to the prosecutor's impeachment of a defense witness, the statements by the prosecutor during closing argument, and the jury's use of the binoculars.

On January 12, 2018, the PCR judge considered the arguments related to defendant's PCR petitions simultaneously. Four days later, the judge issued a written opinion, incorporating her decision on both petitions, and signed separate orders denying PCR.

The judge held that defendant's argument in Spivey I, based on an alleged violation of the Confrontation Clause, U.S. Const. amend. VI, and N.J. Const. art. I, ¶ 10, was procedurally deficient pursuant to Rule 3:22-5 and substantively flawed. The judge found the State's DNA expert, Charity Holland, testified to personally analyzing the DNA profile, explained the DNA testing protocol, wrote a report stating her own conclusions, and did not parrot conclusions reached by others who analyzed the DNA. The judge also determined

defendant's PCR petitions failed to establish ineffective assistance of counsel under either prong of the Strickland-Fritz[3] analysis.

On appeal of the PCR denial in Spivey I, defendant argues:

POINT I

THE PCR COURT SHOULD HAVE HELD AN EVIDENTIARY HEARING BECAUSE THE PETITION WAS NOT PROCEDURALLY BARRED.

A. DEFENDANT'S PCR CHALLENGE REGARDING THE VIDEOTAPE WAS NOT THE SAME ISSUE THAT WAS RAISED ON DIRECT APPEAL.

B. REGARDING THE IDENTIFICATION ISSUE, THE REAL PROBLEM BEFORE THE PCR COURT WAS THE COMPLETE LACK OF COUNSEL AS TO THIS ISSUE ON DIRECT APPEAL.

C. DEFENDANT SHOULD HAVE BEEN ABLE TO CHALLENGE HIS ATTORNEY'S DECISION NOT TO ALLEGE A CONFRONTATION CLAUSE VIOLATION AT TRIAL.

POINT II

DEFENDANT'S RIGHT TO CONFRONTATION WAS VIOLATED BY THE TESTIMONY OF HOLLAND, WHICH INCORPORATED ANOTHER SCIENTIST'S FINDINGS.

On appeal of the PCR denial in Spivey II, defendant asserts:

---

[3] Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987).

POINT I

THE PCR COURT SHOULD HAVE HELD AN EVIDENTIARY HEARING BECAUSE THE PETITION WAS NOT PROCEDURALLY BARRED.

POINT II

COUNTS ONE THROUGH FOUR SHOULD HAVE MERGED WITH COUNT FIVE.

To establish an ineffective assistance of counsel claim, a defendant must demonstrate: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 58 (adopting the Strickland two-part test in New Jersey). In reviewing claims of ineffective assistance of appellate counsel, we apply the same standard as we do for assessing an ineffective assistance of trial counsel claim. See State v. Morrison, 215 N.J. Super. 540, 546 (App. Div. 1987).

There is a strong presumption counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[C]omplaints 'merely of matter of trial strategy' will not serve to ground a constitutional claim of inadequacy[.]" Fritz, 105 N.J. at 54 (quoting State v. Williams, 39 N.J. 471, 489 (1963)). Generally, "strategic miscalculations or trial mistakes are insufficient to warrant reversal 'except in those rare instances where they are of such magnitude as to thwart the

fundamental guarantee of [a] fair trial.'" State v. Castagna, 187 N.J. 293, 315 (2006) (alternation in original) (quoting State v. Buonadonna, 122 N.J. 22, 42 (1991)).

To succeed under the second prong of the Strickland-Fritz test, a defendant must show trial counsel's errors were "so serious as to deprive the defendant of a fair trial . . . ." Fritz, 105 N.J. at 52. A defendant must show the errors created more than a "conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 694. Instead, a defendant must show the reasonable probability that "but for counsel's unprofessional errors the result of the proceeding would have been different." Ibid.

Defendant has not shown defense counsels' performance was so deficient as to constitute ineffective assistance of counsel. Defendant failed to demonstrate defense counsels' alleged deficiencies deprived him of a fair trial. Nor did defendant establish the outcome of the trials would have differed if counsel raised certain arguments.

An issue decided on direct appeal may not be considered in a PCR proceeding. State v. Preciose, 129 N.J. 451, 476 (1992). Defendant argues his direct appeals did not address the same claims as his PCR applications because his direct appeals were limited to a review of the trial courts' errors and his PCR

applications addressed his trial <u>counsels'</u> errors. The issues asserted in defendant's PCR applications, however, implicate the same substantive claims of error that defendant raised, and we rejected, in his direct appeals.

Under the plain error standard used on direct appeal, defendant bears the burden of demonstrating an error was "clearly capable of producing an unjust result . . . ." <u>R.</u> 2:10–2. In the context of a PCR petition, the question is whether the error denied a fair decision on the merits. <u>State v. Macon</u>, 57 N.J. 325, 338 (1971).

In <u>Spivey I</u> and <u>Spivey II</u>, we determined the errors alleged by defendant were not "clearly capable of producing an unjust result" based upon the strong evidence against defendant in both cases. <u>R.</u> 2:10-2.

In <u>Spivey II</u>, because counsel did not object to the jury's use of the police surveillance binoculars to assess their accuracy, we reviewed the issue under the plain error standard. The binoculars were admitted as evidence during the trial and the jury was allowed to review all admissible evidence in rendering a verdict. Defendant does not explain why the jury's testing of the binoculars was improper, or how it harmed his defense. Because the evidence of defendant's guilt was strong, he suffered no prejudice as a result of the jury's use of the binoculars that could satisfy the second prong of the <u>Strickland-Fritz</u> test.

On direct appeal in Spivey II, we also expressed that the prosecutor's cross-examination of defense witnesses and statements during closing argument were not improper. Thus, defense counsel's failure to object was appropriate.

Based on our decisions on defendant's direct appeal in both cases, defendant has not shown any trial error.

We next consider defendant's PCR argument regarding his appellate counsel's failure to raise a Confrontation Clause challenge. While the appeal in Spivey I was pending, the Supreme Court held a defendant is required to raise a Confrontation Clause objection to the trial court or the issue is waived. See State v. Williams, 219 N.J. 89, 98-99 (2014). Based on that decision, defendant's appellate counsel withdrew the Confrontation Clause argument.

Nor was it error for trial counsel not to assert a Confrontation Clause challenge. The State was not required to produce every DNA expert who analyzed the sample in this case. In considering the testimony of scientific experts during trial, the Court has determined not "every analyst involved in a testing process must testify in order to satisfy confrontation rights." State v. Roach, 219 N.J. 58, 77 (2014). A supervisor who has "conducted his or her own independent review of the data generated by other analysts" is permitted to testify regarding "conclusions he or she has drawn from that independent

analysis" without violating the Confrontation Clause. Id. at 78. The testifying expert may not parrot another's opinion and "the testimony must be provided by a truly independent and qualified reviewer of the underlying data and report . . . ." Id. at 79.

Here, the State was not required to present both the analyst who provided the DNA profile testimony and her supervisor because Holland, as the testifying analyst, conducted the DNA testing. Holland's trial testimony was based on her testing and her preparation of a written report containing her conclusions. In addition, Holland was extensively cross-examined by defense counsel. Thus, defendant's right to confront the witness was not violated. Without a violation of defendant's Confrontation Clause right, trial counsel could not have been ineffective for not raising the argument.

We turn to defendant's argument that Counts One through Four in Spivey II should have merged into Count Five. Counts One through Five charged defendant with third-degree possession and distribution of cocaine. Defendant contends the offenses in Counts One through Four were established by the same or less facts required to establish the commission of a crime in Count Five and therefore should have been merged into Count Five. See State v. Gonzalez, 123 N.J. 462, 465 (1991). Defendant requests his convictions for Counts One

through Four be vacated and the judgment of conviction amended to provide for fines and penalties on Count Five only.

We note this issue was not raised in defendant's PCR petition. However, an illegal sentence may be challenged at any time. See State v. Murray, 162 N.J. 240, 245-47 (2000); R. 3:21-10(b)(4).

Having reviewed the record, the grounds for merger are apparent as Counts One through Four require the same or less factual proofs as defendant's conviction on Count Five. At defendant's sentencing in Spivey II, the State agreed "the other counts would merge, Counts 1 through 5." Based on the State's position at sentencing and the State's failure to substantively respond to defendant's merger argument on appeal, we remand Spivey II for the trial court to amend the judgment of conviction to vacate defendant's convictions in Counts One through Four and to impose fines and penalties for Count Five only.

We affirm the denial of defendant's PCR petitions for the reasons stated. Because defendant failed to establish a reasonable likelihood of satisfying either prong of the Strickland-Fritz test, an evidentiary hearing was not warranted. Preciose, 129 N.J. at 462-63.

Affirmed. Remanded only to correct the judgment of conviction. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3081-17T4